IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:07-666-JFA |
|---|---|---|
| v. | ) | ORDER |
| ROMEO MARQUIS | ) | |

Upon motion of the defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the motion (ECF No. 167) is denied. The defendant was sentenced to the statutory mandatory minimum sentence of 120 months[1] imprisonment for his conviction. Therefore, as Amendment 750 did not lower the defendant's guideline range, it does not apply and any guideline changes cannot alter the ultimate statutory floor of 10 years imprisonment set by Congress.

IT IS SO ORDERED.

March 29, 2012　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　United States District Judge

---

[1] The defendant's final sentence is 101 months which includes a 19-month reduction (120 – 19 = 101) pursuant to U.S.S.G. § 5G1.3(b) to account for the amount of time he served in state custody which was considered related to the federal offense.